UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SCOTT RAMS, Plaintiff,

v. Civil Action No. 3:16-cv-233-DJH-CHL

CORDISH OPERATING VENTURES, LLC,
et al., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Rams fell from a second-story balcony after being served alcoholic beverages at a bar known as "PBR" in Louisville, Kentucky.[1] (Docket No. 1-1, PageID # 9–10) Rams filed suit against PBR, Cordish Operating Ventures, LLC, RC Ventures, Inc., American Services, Inc., Entertainment Holding, Entertainment Consulting International, and Unknown Defendants, alleging dram shop liability and negligent security. (D.N. 1-1) Defendants Cordish Operating Ventures, LLC and RC Ventures, LLC have filed a motion for summary judgment, claiming that they do not own or operate PBR and that the plaintiff has failed to state a plausible alter ego theory of liability. (D.N. 31-1) In addition, Defendants Entertainment Consulting International, Entertainment Holdings, and PBR have filed a motion for leave to file a third-party complaint. (D.N. 35) Because the Court finds that the plaintiff has not demonstrated a genuine dispute as to Cordish Operating Venture and RC Venture's control over PBR, the motion for summary judgment will be granted. The Court will also grant the motion for leave to file a third-party complaint since the claims exceed the "obviously unmeritorious" standard and a third-party complaint will not prejudice the plaintiff.

---

[1] PBR stands for Professional Bullriders, Inc. and both are trade names for Defendant Southern Lounge Ky, LLC. (D.N. 1-1)

1

I.  BACKGROUND

On the night of March 28, 2015, Plaintiff Scott Rams went to PBR, a restaurant and bar in Louisville's 4th Street Live! entertainment area. (D.N. 1-1, PageID # 9–10) Rams states that PBR served him alcoholic beverages and that during the evening, security personnel "were called on several occasions to address altercations between Plaintiff and other patrons of PBR." (D.N. 1-1, PageID # 10) Rams states that he was "allowed to leave [PBR] intoxicated with a blood alcohol concentration that greatly exceeded the legal limit." (*Id.*) Shortly after leaving PBR, Rams fell from a second-story balcony that was "immediately outside of Defendant PBR's premises." (*Id.*)

On March 17, 2016, Rams filed suit against Defendants Cordish Operating Ventures, LLC, RC Ventures, Inc., Southern Lounge KY, LLC d/b/a PBR Louisville, American Services, Inc., Entertainment Holding, Entertainment Consulting International, and Unknown Defendants in Jefferson Circuit Court, alleging dram shop liability and negligent security. (*Id.*, PageID # 11–14) The defendants removed the case to this court. (D.N. 1)

In his complaint, Rams alleges that the defendants are all alter egos of Cordish Operating Ventures, LLC. (D.N. 1-1, PageID # 9–10) For support, Rams states that the defendants "share substantially the same owners/members, directors/officers, and/or employees" and operate at the direction of Reed Cordish, Vice President of Cordish Operating Ventures, LLC. (*Id.*)

Defendants Cordish Operating Ventures, LLC and RC Ventures, Inc. have filed a motion for summary judgment, claiming that they did not "own or operate the subject premises or PBR" and thus cannot be liable for the plaintiff's injuries. (D.N. 31-1, PageID # 132) Additionally, these defendants argue that Rams has failed to state a plausible alter ego theory of liability. (*Id.*, PageID # 136–40) In response, Rams contends that the motion for summary judgment should be

2

denied because the ownership of the premises is disputed, creating a genuine issue of material fact. (D.N. 34, PageID # 162–64)

Additionally, Defendants Entertainment Consulting International, Entertainment Holdings, and PBR have filed a motion for leave to file a third-party complaint against Federal Building Services. (D.N. 35-1, PageID # 176) These defendants state that American Service Industries, Inc. and Federal Building Services provided security for PBR and thus have potential liability pursuant to the terms of the Protective Services Agreement (PSA). (*Id.*) The plaintiff did not respond, and the matter is ripe for adjudication.

## II. DISCUSSION

### A. Motion for Summary Judgment

#### 1. Legal Standard

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the non-moving party must point to specific facts demonstrating a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In considering a motion for summary judgment, the Court must review the evidence in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), but "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The non-moving party must present specific facts demonstrating that

3

a genuine issue of fact exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

### 2. Dram Shop Act

Kentucky's Dram Shop Act provides:

> (1) The General Assembly finds and declares that the consumption of intoxicating beverages, rather than the serving, furnishing, or sale of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or another person.
>
> (2) Any other law to the contrary notwithstanding, no person holding a permit under KRS Chapters 241 to 244, nor any agent, servant, or employee of the person, who sells or serves intoxicating beverages to a person over the age for the lawful purchase thereof, shall be liable to that person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises including but not limited to wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served, unless a reasonable person under the same or similar circumstances should know that the person served is already intoxicated at the time of serving.
>
> (3) The intoxicated person shall be primarily liable with respect to injuries suffered by third persons.

Ky. Rev. Stat. § 413.241. Therefore, as the defendants point out, based on the plain language of the statute, to be liable under Kentucky law, a party must "hold[] a permit under KRS Chapters 241 to 244" or be an "agent, servant, or employee of the" party holding the permit. *Id.* Robert Fowler, an agent of Cordish Operating Ventures, LLC and RC Ventures, Inc., states in his affidavit that neither Cordish Operating Ventures nor RC Ventures hold a permit under these chapters or sell and serve alcoholic beverages. (D.N. 31-2, PageID # 144)

### 3. Alter Ego Theory

The plaintiff acknowledges that Cordish Operating Ventures and RC Ventures do not hold these permits, and instead argues that they are liable under an alter ego theory. (D.N. 1-1;

4

D.N. 34) According to the plaintiff, there is considerable overlap in the addresses and listed ownership of the Cordish companies; therefore, it is "highly likely that Cordish Operating Ventures, LLC possesses interest and/or ownership in PBR." (*Id.*, PageID # 163) For support, the plaintiff states that on PBR's Alcoholic Beverage License and Renewal Application, it lists "Louisville Galleria LLC Cordish Company," located at 601 E Pratt St, 6th Floor, Baltimore, MD 21202, as its owner. (D.N. 34, PageID # 162) According to the plaintiff, Cordish Operating Ventures provided the same address to the Kentucky Secretary of State as the location of its principal office. (*Id.*) The plaintiff also notes that Louisville Galleria has registered the same address with the Secretary of State and lists Jonathan Cordish as its manager. (*Id.*, PageID # 163) Finally, the plaintiff states that the only "Cordish" company that is "active and in good standing with the Secretary of State is Cordish Operating Ventures, LLC." (*Id.*)

Under Kentucky law, "[i]n general, a corporation is treated as a legal entity separate and apart from its shareholders. However, when the corporation is used to justify wrong, protect fraud or defend crime, the law regards the corporation as an association of persons." § 14:16.50. Abuse of corporate purpose—Shareholder liability, 4A Ky. Prac. Methods of Prac. § 14:16.50 (2016) (citing *Dare To Be Great, Inc. v. Com. ex rel. Hancock*, 511 S.W.2d 224, 227 (Ky. 1974)). The shareholders of a corporation can be held responsible for corporate liabilities under an "alter ego theory" if the plaintiff can prove: "(1) that the corporation is not only influenced by the owners, but also that there is such unity of ownership and interest that their separateness has ceased; and (2) that the facts are such that treatment of the corporation as a separate entity would sanction a fraud or promote injustice." *Id*. Factors to consider when evaluating the first element include:

> (1) whether the corporation is inadequately capitalized, (2) whether the owners observe corporate formalities, (3) whether the corporation issues stock or pays

5

>dividends, (4) whether it operates without a profit, (5) whether there is a commingling of corporate and personal assets, (6) whether the owners use corporate assets as their own, or in general deal with the corporation at arms length, (7) whether there are non-functioning officers or directors, (8) whether the corporation is insolvent at the time of the transaction, (9) whether corporate records have been maintained, and (10) whether others pay or guarantee debts of the corporation. No single factor is dispositive.

*Id*. (citing *Bear, Inc. v. Smith*, 303 S.W.3d 137 (Ky. Ct. App. 2010)).

Rams argues that the overlap in addresses and listed managers, suggests that Cordish Operating Ventures and RC Ventures have an ownership interest in PBR. (D.N. 34, PageID # 163) However, even assuming these companies own PBR, the plaintiff has not provided sufficient facts to support an alter ego theory of liability.

Even if Cordish Operating Ventures and RC Ventures have an ownership interest in PBR, the plaintiff still must establish that these entities had such unity of ownership and interest that their corporate separateness has ceased and treating them as separate entities "would sanction a fraud or promote injustice." 4A Ky. Prac. Methods of Prac. § 14:16.50. The plaintiff has not provided any facts to suggest that this is the case. Instead, without citing anything in the record for support, the plaintiff states that "the degree of control Cordish exerted over PBR is [a] genuine issue of material fact precluding summary judgment." (D.N. 34, PageID # 164) This conclusory statement without citing any factual support is not sufficient to survive a motion for summary judgment. *See Anderson*, 477 U.S. at 249.

**B. Motion for Leave to File Third-Party Complaint**

Rule 14(a)(1) provides that "[a] defending party may . . . serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). "[T]imely motions for

6

leave to implead third parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *In re Yamaha Motor Corp. Rhino ATV Prod. Liab. Litig.*, No. 3:09-MD-2016-JBC, 2009 WL 2241599, at *2 (W.D. Ky. July 24, 2009) (alteration in original) (citing *Trane U.S. Inc. v. Meehan,* 250 F.R.D. 319, 322 (N.D. Ohio 2008)).

The defendants' claims against Federal Building Services are not "obviously unmeritorious" and the plaintiff did not argue that he would be prejudiced in any way. *Id*. Therefore, the Court will grant the defendant's motion for leave to file a third-party complaint.

### III. CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows

(1) Defendants Cordish Operating Ventures, LLC and RC Venture, LLC's motion for summary judgment (D.N. 31) is **GRANTED**. Cordish Operating Ventures, LLC and RC Venture, LLC are dismissed as Defendants in this matter.

(2) Defendants Entertainment Consulting International, Entertainment Holdings, and Southern Lounge Ky, LLC's motion for leave to file a third-party complaint (D.N. 35) is **GRANTED**. The Clerk is directed to file the third-party complaint attached to defendants' motion.

March 2, 2017

**David J. Hale, Judge**
**United States District Court**